# Third District Court of Appeal

## State of Florida

Opinion filed October 8, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2085
Lower Tribunal No. 23-8461-CC-26
_____

**Donald Wood,**
Appellant,

vs.

**Molly McIntosh,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Lissette De La Rosa, Judge.

Graham Legal, P.A., and H. Dillon Graham, III, for appellant.

Counselaw and Angelo M. Martin; Belony Law Group and Erigene Belony, for appellee.

Before FERNANDEZ, MILLER and GOODEN, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Duffner Family 2012 Irrevocable Tr. v. Lee R. Duffner Revocable Living Tr.</u>, 394 So. 3d 236, 239 (Fla. 3d DCA 2024) (affirming that this Court reviews section 83.56, Florida Statutes (2024), and the interpretation of a lease under a *de novo* standard of review); <u>Hirschenson v. Compu-Link Corp. of MI</u>, 389 So. 3d 574, 576 (Fla. 3d DCA 2023) (stating the trial court's factual findings are reviewed for competent, substantial evidence); § 83.56(2)(a), Florida Statutes (2024), ("Examples of noncompliance which are of a nature that the tenant should not be given an opportunity to cure include, but are not limited to, destruction, damage, or **misuse of the landlord's or other tenants' property by intentional act** or a subsequent or continued unreasonable disturbance. In such event, the landlord may terminate the rental agreement . . . ." (emphasis added)).